Ramón Alequín, Appellant, *v.* Registrar of Property of Mayagüez, Respondent.

No. 937. Submitted December 7, 1934.—Decided December 19, 1934.

*Enrique Báez García* for appellant. The registrar appeared by brief.

Mr. Justice Hutchison delivered the opinion of the Court.

Paragraph (*a*) of section 1 of Act number twelve of 1923, as amended in 1924, session laws 108, authorizes the cancellation of references to mortgages or deferred payments when constituting a part of the purchase price of real property after a period of twenty years unless the right referred to be recorded within one year from August 29, 1923. The same section further provides that "on written request of a party or his representative, authenticated before a notary, said

registrars of property shall also cancel in the respective registers such other mentions of rights for the payment of money as do not refer to the deferred payment of the purchase and sale of real property, provided no term is fixed or lien is constituted on said real property, if over five years have elapsed.''

Ramón Alequín Valle in a sworn statement before a notary stated that he was the record owner of a parcel of land charged with the payment of certain debts or claims against the estate of Juan Tomás Pérez and Nicolasa Torres Rosa and that neither the names of the creditors nor the amounts nor the dates of maturity of such debts or claims appear in the registry of property but that mention of said debts or claims was made in various entries during the year 1923. A registrar of property refused to cancel the mention of these debts upon the ground that the property in question as shown by the record entry in the name of a former owner, Jesús Pérez Torres, had been allotted to him subject to an obligation to pay the debts in question, which obligation was a lien and not the mention of a right. Here as in *Quiñones* v. *The Registrar of Property of Mayagüez,* 39 P.R.R. 751, and in *Pagán* v. *The Registrar of Property of San Germán,* 40 P.R.R. 470, the registrar does not say that the debts referred to were a part of the purchase price or in the nature of a deferred payment and we therefore do not pass upon that question nor stop to reconsider upon our own initiative our *obiter dicta* in these cases. In the instant case the registrar has not even filed a brief. We quite agree with him that the obligation to pay outstanding debts was a charge or lien upon the property, but this without more did not convert a mere mention of the obligation into a formal record thereof. The registrar's only reason for his refusal to cancel the mention of this charge or lien does not indicate that the deed whereby the land was allotted to Pérez Torres constituted in express terms a lien upon the land. Hence, the mere mention of the fact that the land had been allotted to

Pérez Torres subject to an obligation on his part to pay certain debts outstanding against the estate, should have been cancelled by the registrar upon proper request notwithstanding the further fact apparent from the mention that the unrecorded lien which resulted by implication from that obligation might or might not continue to exist. *See Quiñones v. Registrar, supra.*

The ruling appealed from must be reversed.